TURBIN CHU HEIDT, A Law Corporation
RICHARD TURBIN          (1044)
RAI SAINT CHU           (1133)
JANICE D. HEIDT         (8984)
737 Bishop Street, Suite 2730
Honolulu, Hawaii  96813
Telephone:   (808) 528-4000
Facsimile:   (808) 599-1984

BOSTWICK & PETERSON LLP
JAMES S. BOSTWICK       (2889)
Four Embarcadero Center, Suite 750
San Francisco, CA 94111
Telephone: (415) 421-8300
Facsimile: (415) 421-8301

Attorneys for Plaintiffs
ROSENDA SAMUEL, Individually and as
Special Administrator of the ESTATE OF
RIENDA SUPU, and LEWIS SAMUEL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSENDA SAMUEL, Individually and as Special Administrator of the ESTATE OF RIENDA SUPU; and LEWIS SAMUEL, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; HAWAII HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER; JAMES MORRISON, M.D.; JOANN SARUBBI, M.D.; KIRK WEBER, M.D.; and DOE DEFENDANTS 1-100; <br><br> Defendants. | ) CIVIL NO. _____ <br> ) (Medical Malpractice) <br> ) <br> ) <br> ) <br> ) COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs ROSENDA SAMUEL, Individually and as Special Administrator of the ESTATE OF RIENDA SUPU, and LEWIS SAMUEL, by and through their attorneys, TURBIN CHU HEIDT, A Law Corporation, and BOSTWICK & PETERSON LLP, hereby allege and aver the following claims against Defendants UNITED STATES OF AMERICA, HAWAII HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER, JAMES MORRISON, M.D., JOANN SARUBBI, M.D., KIRK WEBER, M.D., and DOE DEFENDANTS 1-100:

### NATURE OF THE CASE

1.     This is an action to recover damages sustained and suffered by Plaintiffs due to injuries and eventual death suffered by RIENDA SUPU as a result of alleged negligent medical care at the Bay Clinic, Inc. dba Hilo Bay Clinic and Hilo Medical Center, on the Island of Hawai'i, State of Hawai'i.   Bay Clinic, Inc. dba Hilo Bay Clinic is a Federally Qualified Health Center under the Federal Tort Claims Act.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and §§2671 - 2680.

3.     The District of Hawai`i is the appropriate venue for this action as RIENDA SUPU was injured and died in the County of Hawaii, State of Hawaii and all Plaintiffs reside in the State of Hawaii.

4.     Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein against Bay Clinic, Inc. dba Hilo Bay Clinic were presented to the Public Health Service Claims Office, Department of Health and Human Services, 330 Independence Avenue, S.W., Rm. 4760, Washington, DC 20201, and a Notice Of Denial of Claim was issued by that agency on December 16, 2014.

5.     Prior to filing this Complaint against Defendants HAWAII HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER, JAMES MORRISON, M.D., JOANN SARUBBI, M.D. and KIRK WEBER, M.D., Plaintiffs fully complied with the jurisdictional and other requirements of *Hawaii Revised Statutes* § 671 relating to Medical Torts.

## PARTIES

6.     At all times material to this Complaint, Plaintiffs ROSENDA SAMUEL, LEWIS SAMUEL and RIENDA SUPU, were residents of the County of Hawaii, State of Hawaii.

7.     At all time material to this Complaint, Plaintiff ROSENDA SAMUEL was RIENDA SUPU's mother and they resided together.

8.     At all time material to this Complaint, Plaintiff LEWIS SAMUEL was

RIENDA SUPU's father and they resided together.

9.     At all times relevant to this Complaint, the Bay Clinic, Inc. dba Hilo

Bay Clinic (hereinafter "HILO BAY CLINIC"), in the City of Hilo, County of

Hawaii, State of Hawaii was a Federally Qualified Health Center receiving funds

under section 330 of the Public Health Service Act and falling under the Federal

Tort Claims Act.  As such, all medical malpractice claims against the Bay Clinic,

Inc. dba Hilo Bay Clinic must be brought against the Defendant UNITED STATES

OF AMERICA.

10.     At all times material to this Complaint, Defendant HAWAII

HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER

(hereinafter "HILO MEDICAL CENTER") was a public corporation organized by

the State of Hawaii for the purpose of providing medical care in the State of

Hawaii.

11.     At all times material to this Complaint, Defendant JAMES

MORRISON, M.D. (hereinafter "DR. MORRISON") was a resident of the State of

Hawaii and a duly licensed physician in the State of Hawaii.

12.     At all times material to this Complaint, Defendant JOANN

SARUBBI, M.D. (hereinafter "DR. SARUBBI") was a resident of the State of

Hawaii and a duly licensed physician in the State of Hawaii.

13.     At all times material to this Complaint, Defendant KIRK WEBER, M.D. (hereinafter "DR. WEBER") was a resident of the State of Hawaii and a duly licensed physician in the State of Hawaii.

14.     Prior to filing this Complaint, Plaintiffs and/or their counsel made a diligent search in order to ascertain the existence, full names, and identities of all persons or entities that may be legally responsible for the Plaintiffs' injuries and damages but have no knowledge or information regarding the true names of defendants in this action designated as Doe Defendants 1 - 100.  Said Defendants are persons, health care providers, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiffs, except that they may be connected in some manner with the named Defendant or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendant or are independent of the named Defendant and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiffs.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOE DEFENDANTS 1 - 100, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names and will

ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.

## COUNT I - MEDICAL NEGLIGENCE

15.    Plaintiffs incorporate by reference paragraphs 1 through 14, above, as though fully set forth herein.

16.    At all times material to this Complaint, Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, were under a legal duty to possess and apply the knowledge and to use the skill and care that is ordinarily possessed by reasonably well-qualified and well-trained health care providers, health care professionals, nurses, and physicians in the State of Hawai'i.

17.    The events giving rise to this Complaint occurred from August 29, 2012 through September 18, 2012, during which time the deceased Plaintiff RIENDA SUPU, received negligent medical treatment at the HILO BAY CLINIC and HILO MEDICAL CENTER.

18.    On August 29, 2012 at approximately 2:40 p.m. Plaintiff ROSENDA SAMUEL took her 8 year old daughter, RIENDA SUPU, to the HILO BAY CLINIC for an infected cut on her leg.  A culture was taken of the abscess and she was given a prescription for Bactroban topical ointment, Bactrim DS, and Ibuprofen for fever and pain.

19.     On September 3, 2012 the wound culture report from the lab was completed and sent to Hilo Bay Clinic.  The wound culture was positive for Acinetobacter baumannii/haemol group, Stenotrophomonas (Xanthomonas) maltophilia, Staphylococcus aureus and Streptococcus pyogenes (Group A). Bactrim DS is not the appropriate antibiotic for a Streptococcus pyogenes (Group A) infection which was found in the wound culture.

20.     Bactrim DS is not the appropriate antibiotic for a Streptococcus pyogenes (Group A) infection which was found in the wound culture performed at Hilo Bay Clinic.

21.     From September 3, 2012 to September 18, 2012, Defendant HILO BAY CLINIC, through its physicians, health care professionals, nurses, employees and agents, negligently failed to make a follow-up telephone call, or any other attempt to communicate, to Plaintiff ROSENDA SAMUEL or Plaintiff LEWIS SAMUEL regarding the wound culture results for their daughter RIENDA SUPU and the meaning of those results.

22.     From September 3, 2012 to September 18, 2012, Defendant HILO BAY CLINIC, through its physicians, health care professionals, nurses, employees and agents, negligently failed to prescribe the appropriate antibiotic to RIENDA SUPU to treat her Streptococcus pyogenes (Group A) infection.

23.     Defendant HILO BAY CLINIC, through its physicians, health care professionals, nurses, employees and agents, negligently failed to obtain information and knowledge as to the increased health risks of developing Acute Rheumatic Carditis from a Strep A infection for Micronesians.

24.     On September 10, 2012 at approximately 1:00 p.m. Plaintiffs ROSENDA SAMUEL and LEWIS SAMUEL took their daughter, RIENDA SUPU, to Defendant HILO MEDICAL CENTER's emergency department for the infection on her leg.   Defendant DR. WEBER was the treating doctor and noted that RIENDA's abscess was draining blood and pus and RIENDA was tearful and in pain.   RIENDA had nasal congestion and a pharyngeal infection with a red throat.   Plaintiff ROSENDA SAMUEL, reported that RIENDA had a fever that started the previous day.   Also it was noted in the record that RIENDA had just completed a course of Bactrim for the leg infection.   Defendant DR. WEBER diagnosed RIENDA with a wound infection, cellulitis and an upper respiratory infection.   She was again prescribed Bactrim DS and discharged.

25.     Defendant DR. WEBER negligently failed to contact Defendant HILO BAY CLINIC to inquire as to the results of the wound culture, Defendant DR. WEBER negligently failed to take a wound culture, Defendant DR. WEBER negligently failed to perform a rapid strep test on RIENDA's throat, Defendant DR. WEBER negligently failed to prescribed the correct antibiotics and other

medication to address the Streptococcus pyogenes (Group A) infection RIENDA

suffered from, DR. WEBER negligently failed to obtain information and

knowledge as to the increased health risks of developing Acute Rheumatic Carditis

from a Strep A infection for Micronesians, Defendant DR. WEBER negligently

failed to admit RIENDA for additional testing and appropriate medication, and

Defendant DR. WEBER negligently failed to properly diagnose and treat

RIENDA.

26.     During RIENDA's emergency room examination on September 10,

2012, DR. WEBER requested JOSHUA PIERCE, M.D. (hereinafter "DR.

PIERCE"), a surgeon employed by Defendant HILO MEDICAL CENTER, for a

surgical consultation on RIENDA's leg wound.  DR. PIERCE examined

RIENDA's leg wound but did not consider the wound to be surgical.  DR. PIERCE

did not request any testing and did not perform a wound culture.

27.     Defendant HILO MEDICAL CENTER's employee, DR. PIERCE

negligently failed to contact Hilo Bay Clinic to inquire as to the results of the

wound culture, Defendant DR. PIERCE negligently failed to take a wound culture,

and Defendant DR. PIERCE negligently failed to properly diagnose and treat

RIENDA.

28.    On September 13, 2012 at approximately 9:15 p.m. Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL returned with their daughter, RIENDA SUPU, to Defendant HILO MEDICAL CENTER's emergency department because RIENDA continued to suffer with a fever, cough, constant pain, constipation, abdominal pain and generalized body aches.  RIENDA was unable to walk into the emergency department due to the pain in her body and in her legs.  Defendant DR. SARUBBI was the treating doctor and noted that RIENDA suffered from a prolonged fever and dehydration.  An I.V. with normal saline was established, a dose of Rocephin was given and lab testing was ordered. Defendant DR. SARUBBI diagnosed RIENDA with fever, myalgia, status post strep infection and dehydration.   Defendant DR. SARUBBI discharged RIENDA and instructed RIENDA's parents to discontinue the Bactrim and prescribed Azithromycin and Ibuprofen for fever and pain.

29.  Defendant DR. SARUBBI negligently failed to contact Hilo Bay Clinic to inquire as to the results of the wound culture, Defendant DR. SARUBBI negligently failed to obtain information and knowledge as to the increased health risks of developing Acute Rheumatic Carditis from a Strep A infection for Micronesians, Defendant DR. SARUBBI negligently failed to diagnose RIENDA with Acute Rheumatic Carditis, Defendant DR. SARUBBI negligently failed to prescribe the correct antibiotics and other medication to address the Streptococcus

pyogenes (Group A) infection RIENDA suffered from, Defendant DR. SARUBBI negligently failed to prescribe an adequate dose of the correct antibiotics and other medication to address the Streptococcus pyogenes (Group A) infection RIENDA suffered from, Defendant DR. SARUBBI negligently failed to order additional testing in consideration of RIENDA's severe symptoms, Defendant DR. SARUBBI negligently failed to admit RIENDA to the hospital for additional testing and appropriate medication, and Defendant DR. SARUBBI negligently failed to properly diagnose and treat RIENDA.

30.     On September 17, 2012 at approximately 12:00 p.m. (noon) Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL returned with their daughter, RIENDA SUPU, to Defendant HILO MEDICAL CENTER's emergency department because RIENDA continued to suffer with cough, fever and sore throat and now was experiencing shortness of breath which started the previous night. Defendant DR. MORRISON, the treating emergency department doctor, examined RIENDA and ordered x-rays.  Upon physical examination Defendant DR. MORRISON noted dyspnea and breathing with short shallow rapid breaths.  He noted respiratory distress at the time of his physical examination.  Lab tests were taken and Defendant DR. MORRISON noted that the C-reactive protein was elevated, influenza screen was negative and the beta strep was positive.  The x-rays showed bi-lateral pneumonia.  RIENDA was given the antibiotic Rocephin in the

emergency department and was admitted to Defendant HILO MEDICAL CENTER for in-patient care under the care of Defendant HILO MEDICAL CENTER's employee, DR. PENLAND.

31.     Defendant DR. MORRISON negligently failed to obtain information and knowledge as to the increased health risks of developing Acute Rheumatic Carditis from a Strep A infection for Micronesians, Defendant DR. MORRISON negligently failed to diagnose RIENDA with Acute Rheumatic Carditis, Defendant DR. MORRISON negligently failed to prescribed the correct antibiotics and other medication to address the Streptococcus pyogenes (Group A) infection and Acute Rheumatic Carditis RIENDA suffered from, Defendant DR. MORRISON negligently failed to order additional testing in consideration of RIENDA's severe symptoms, and Defendant DR. MORRISON negligently failed to properly diagnose and treat RIENDA.

32.  On September 17, 2012 at approximately 2:00 p.m. DR. PENLAND examined RIENDA.  He noted that she was positive for rapid strep, she was in respiratory distress, her lower lobe was infiltrated, there was obvious upper airway swelling with pulmonary edema, she had a headache and abdominal pain.  DR. PENLAND diagnosed REINDA with bilateral lower lobe pneumonia, group A strep, and dehydration.  He placed REINDA on IV saline for rehydration, prescribed clindamycin, ordered Racemic epinephrine nebulizer for breathing and

Tylenol and Ibuprofen for pain and fever.

33.   Defendant HILO MEDICAL CENTER's employee, DR. PENLAND, negligently failed to obtain information and knowledge as to the increased health risks of developing Acute Rheumatic Carditis from a Strep A infection for Micronesians, DR. PENLAND negligently failed to diagnose RIENDA with Acute Rheumatic Carditis, DR. PENLAND negligently failed to prescribed the correct antibiotics and other medication to address the Streptococcus pyogenes (Group A) infection and Acute Rheumatic Carditis RIENDA suffered from, DR. PENLAND negligently failed to order additional testing in consideration of RIENDA's severe symptoms, and DR. PENLAND negligently failed to properly diagnose and treat RIENDA.

34.   After several hours of difficulty breathing and decreased saturation oxygen levels RIENDA SUPU was intubated.  Shortly thereafter her heart rate stopped and she was pulseless.  Despite attempts at resuscitation, on September 18, 2012 at approximately 1:35 a.m. RIENDA SUPU was pronounced dead.

35.   RIENDA SUPU's autopsy was performed on September 21, 2012 by Dr. Alvin Omori.  Dr. Omori's final pathologic diagnosis was 1. Acute rheumatic carditis; 2. Pulmonary congestion and edema; 3. Pleural effusion, 1000 cc's; 4. Mild cerebral edema; and 5. History of recent streptococcal cellulitis.  Dr. Omori's conclusion was "this 8-year-old girl died as a result of acute rheumatic carditis.

She had a recent history of an abscess on her left thigh, with a positive streptozyme

test, which was treated with antibiotics.  Prior to her death she also developed

generalized body/muscular aches and weakness with a presumptive positive test

for group A streptococcal antigen."  RIENDA's immediate cause of death was

acute rheumatic carditis.

36.     Micronesians have a genetic propensity for developing Acute

Rheumatic Carditis from a Strep A infection.

37.     There is a large Micronesian population in the City of Hilo, State of

Hawaii area.

38.     Primary care physicians, health care professionals, nurses, and

emergency room doctors treating the Micronesian population know, or should

know, that Micronesians have a significantly increased propensity for developing

Acute Rheumatic Carditis from a Strep A infection and therefore early aggressive

treatment with the proper antibiotics and other medications is necessary.

39.     From August 29, 2012 through September 18, 2012 the employees,

agents, and/or servant health care providers, health care professionals, nurses, and

physicians at the Hilo Bay Clinic negligently failed to diagnose and treat Plaintiff

RIENDA SUPU's group A streptococcal infection, negligently failed to contact

either Plaintiff ROSENDA SAMUEL and/or Plaintiff LEWIS SAMUEL and

inform them of the wound culture report which showed RIENDA SUPU's group A

streptococcal infection on September 3, 2012, and negligently failed to order appropriate antibiotics for treatment of RIENDA SUPU's group A streptococcal infection.

40.    Defendant HILO MEDICAL CENTER, defendant's employees, agents, and/or servant health care providers, and each of them, negligently failed to contact Hilo Bay Clinic to inquire as to the results of the wound culture, negligently failed to take a wound culture, negligently failed to perform a rapid strep test on RIENDA's throat, negligently failed to prescribed the correct antibiotics and other medication to address the Streptococcus pyogenes (Group A) infection and Acute Rheumatic Carditis  that RIENDA suffered from, negligently failed to obtain information and knowledge as to the increased health risks of developing Acute Rheumatic Carditis from a Strep A infection for Micronesians, negligently failed to admit RIENDA for additional testing and appropriate medication, and negligently failed to properly diagnose and treat RIENDA.

41.    As a result of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians negligence, Plaintiff RIENDA SUPU suffered severe pain, acute rheumatic carditis and eventual death.

## COUNT II – RESPONDEAT SUPERIOR

42.   Plaintiffs incorporate by reference paragraphs 1 through 41, above, as though fully set forth herein.

43.   At all times relevant herein, the physicians, nurses, and other personnel who treated and cared for Plaintiff RIENDA SUPU at the HILO BAY CLINIC were the employees, agents and servants of the HILO BAY CLINIC and were acting within the course and scope of their employment, agency and service with the HILO BAY CLINIC; and therefore, the HILO BAY CLINIC is liable for the tortious conduct of the physicians, nurses, and other personnel who treated and cared for Plaintiff RIENDA SUPU at the HILO BAY CLINIC, as set forth in this Complaint, under the doctrine of respondeat superior and/or agency principles.

44.   Defendant USA is liable for any and all of the Plaintiffs' damages arising from the negligent acts, omissions and/or conduct of the physicians, health care providers, nurses, practitioners, and others in the employ or otherwise acting as the agents and/or servants of HILO BAY CLINIC under the Federal Tort Claim Act.

45.   Defendant HILO MEDICAL CENTER is liable for any and all of the Plaintiffs' damages arising from the negligent acts, omissions and/or conduct of the physicians, health care providers, nurses, practitioners, and others in its employ or

otherwise acting as its agents and/or servants under the theory of *respondeat superior,* ostensible authority, and/or vicarious liability.

## COUNT III – NEGLIGENT FAILURE TO PROVIDE INFORMED CONSENT

46.     Plaintiff incorporates by reference paragraphs 1 through 45, above, as though fully set forth herein.

47.     Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, had a duty to completely inform RIENDA SUPU's parents regarding the risk and benefits of any treatment to be provided or available which was not provided.

48.     Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, breached their duty by negligently failing to fully inform the deceased Plaintiff RIENDA SUPU's parents and to obtain their informed consent.

49.     Deceased Plaintiff RIENDA SUPU's parents, acting rationally and reasonably, would have sought appropriate treatment for RIENDA SUPU and/or would have agreed to treatment which was not provided to or offered to them by Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, had they been

properly informed of the risk of the harms, injuries, and damages that in fact
occurred.

50.    As a direct, proximate, and legal result of the aforesaid negligent
conduct and omissions of Defendants, Defendants' employees, agents, and/or
servant health care providers, health care professionals, nurses, and physicians, and
each of them, the deceased Plaintiff RIENDA SUPU suffered the harms set forth
above.  The negligent actions and omissions were a substantial factor in bringing
about Plaintiffs' harms and damages alleged herein.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.    Plaintiffs incorporates by reference paragraphs 1 through 50, above,
as though fully set forth herein.

52.    As a direct, proximate, and legal result of the aforesaid negligent
conduct and omissions of Defendants, Defendants' employees, agents, and/or
servant health care providers, health care professionals, nurses, and physicians, and
each of them, deceased Plaintiff RIENDA SUPU suffered significant mental pain
and emotional anguish from August 29, 2012 through September 18, 2012, fears of
her impending death, fears of not recovering, and other injuries and damaged in an
amount to be determined at trial.

53.    Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL were
present at the times wherein the deceased, RIENDA SUPU, sustained serious and

permanent injuries as a result of the negligent medical treatment provided by the

Defendants, Defendants' employees, agents, and/or servant health care providers,

health care professionals, nurses, and physicians, and each of them.  Plaintiffs

contemporaneously observed the resulting injuries, suffering and death of

RIENDA SUPU.

54.    As a direct, proximate and legal result of the aforesaid negligent

conduct and omissions of Defendants, Defendants' employees, agents, and/or

servant health care providers, health care professionals, nurses, and physicians, and

each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL both

suffered significant mental pain and emotional anguish while watching their loved

eight year old daughter suffer tremendous pain and suffering of acute rheumatic

carditis, fears of her impending death, fears of Plaintiff RIENDA SUPU not

recovering, and other injuries and damages in an amount to be determined at trial

55.    As a direct, proximate, and legal result of the aforesaid negligent

conduct and omissions of Defendants, Defendants' employees, agents, and/or

servant health care providers, health care professionals, nurses, and physicians, and

each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL

sustained great emotional disturbance and shock and injury to their nervous

systems, all of which have caused, continue to cause, and will cause in the future,

great physical harm and mental pain and suffering, all to their general and special damage.

56.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL were required to and did incur expenses for the services of doctors and other medical care and treatment, funeral and other expenses necessary because of Plaintiff RIENDA SUPU's death, in an amount not now known to them, and Plaintiffs are informed and believe, and upon such information and belief allege, that they will incur additional expenses in the future in an amount not now known to them.

57.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL were prevented from attending their respective, usual activities and occupations, and Plaintiffs are informed and believe, and upon such information and belief allege, that they will be prevented from attending to their respective, usual, and anticipated activities and occupations in the future, all to Plaintiffs' damage in an amount not now known to them.

## COUNT V - NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

58.     Plaintiffs incorporate by reference paragraphs 1 through 57, above, as though fully set forth herein.

59.     At all times material to this Complaint, HILO BAY CLINIC had a duty to staff its health care center with reasonably competent, educated, trained, and experienced employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians.

60.     At all times material to this Complaint, HILO BAY CLINIC had a duty to prevent its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, who were not reasonably competent to treat or attempt to treat patients from treating said patients.

61.     HILO BAY CLINIC had a duty to adequately supervise its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians who were employed in its health care center.

62.     HILO BAY CLINIC breached its duties by negligently employing employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians not competent by way of training, education, and/or

experience to treat and monitor patients and by thereafter failing to adequately supervise them.

63.     HILO BAY CLINIC's negligent hiring, assignment, retention, training, and/or supervision of its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, was the direct, proximate, and legal cause of the death of RIENDA SUPU and Plaintiffs' injuries and damages.

64.     At all times material to this Complaint, Defendant HILO MEDICAL CENTER had a duty to staff its health care center with reasonably competent, educated, trained, and experienced employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians.

65.     At all times material to this Complaint, Defendant HILO MEDICAL CENTER had a duty to prevent its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, who were not reasonably competent to treat or attempt to treat patients from treating said patients.

66.     Defendant HILO MEDICAL CENTER had a duty to adequately supervise its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians who were employed in its health care center.

67.     Defendant HILO MEDICAL CENTER breached its duties by negligently employing employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians not competent by way of training, education, and/or experience to treat and monitor patients and by thereafter failing to adequately supervise them.

68.     Defendant HILO MEDICAL CENTER's negligent hiring, assignment, retention, training, and/or supervision of its employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, was the direct, proximate, and legal cause of the death of RIENDA SUPU and Plaintiffs' injuries and damages.

## **DAMAGES**

69.     Plaintiffs incorporate by reference paragraphs 1 through 68, above, as though fully set forth herein.

70.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU suffered numerous injuries and damages, including but not limited to, acute rheumatic carditis and death.

71.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or

servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU suffered overwhelming pain, fear of death, emotional distress and loss of enjoyment of life from August 29, 2012 through September 18, 2012 and eventually an extremely painful death.

72.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU required to and did incur expenses for services of hospitals, doctors, and other medical and rehabilitative care and treatment in an amount to be determined at trial.

73.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU will lose substantial earnings in the future in an amount to be determined at trial.

74.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU suffered loss of enjoyment of life

and hedonic damages in an amount to be determined at trial pursuant to *Hawaii Revised Statute* § 663-3

75.   As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, deceased Plaintiff RIENDA SUPU incurred other general and special damages, both past and future, in an amount to be determined at trial.

76.   As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL sustained great emotional disturbance and shock and injury to their nervous systems, all of which have caused them, will continue to cause, and will cause in the future, great physical harm and mental pain and suffering, all to their general and special damage in an amount to be determined at trial.  Said special damages will include, but are not limited to, great medical expenses, funeral expenses, loss of past and future earnings and loss of past and future financial support in an amount to be determined at trial.

77.   As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or

servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL have suffered, continue to suffer, and will suffer in the future the loss of love, affection, security, companionship, comfort, consortium and support of deceased Plaintiff RIENDA SUPU, and they are entitled to compensation for said losses, pursuant to *Hawaii Revised Statute* § 663-3.

78.     As a direct, proximate, and legal result of the aforesaid negligent conduct and omissions of Defendants, Defendants' employees, agents, and/or servant health care providers, health care professionals, nurses, and physicians, and each of them, Plaintiff ROSENDA SAMUEL and Plaintiff LEWIS SAMUEL are informed and believe and upon such information and belief allege that they will incur damages, including, but not limited to, loss of future wages, other economic benefit, medical and rehabilitative expenses and other general and special damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs ROSENDA SAMUEL, Individually and as Special Administrator of the ESTATE OF RIENDA SUPU, and LEWIS SAMUEL pray for judgment against Defendants UNITED STATES OF AMERICA, HAWAII HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER, JAMES MORRISON, M.D., JOANN SARUBBI, M.D., KIRK

WEBER, M.D., and DOE DEFENDANTS 1-100, and each of them, as hereinafter set forth:

1. For general damages in amounts to be proven at trial;

2. For special damages in amounts to be proven at trial;

3. For costs of suit and expenses of litigation;

4. Pre-judgment interest from September 18, 2012;

5. Post-judgment interest; and

6. Any and all other relief as may be deemed just and equitable by the Court.


DATED: Honolulu, Hawaii _____April 16, 2015_____.


_____
Richard Turbin
Rai Saint Chu
Janice D. Heidt

Attorneys for Plaintiffs
ROSENDA SAMUEL, Individually and as
Special Administrator of the ESTATE OF
RIENDA SUPU, and LEWIS SAMUEL