IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROSENDA SAMUEL, Individually and as Special Administrator of the ESTATE OF RIENDA SUPU, and LEWIS SAMUEL,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA; HAWAII HEALTH SYSTEMS CORPORATION dba HILO MEDICAL CENTER; JAMES MORRISON, M.D.; JOANN SARRUBI, M.D.; KIRK WEBER, M.D.,<br><br>        Defendants. | CV NO. 15-00141 DKW-KJM<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY DEFENDANT HAWAII HEALTH SYSTEMS CORPORATION'S MOTION TO DISMISS** |
| UNITED STATES OF AMERICA,<br><br>        Cross-claimant/Third Party Plaintiff,<br><br>  vs.<br><br>HAWAII HEALTH SYSTEMS CORPORATION,<br><br>        Third Party Defendant,<br><br>KIRK WEBER, M.D.; JOANN SARUBBI, M.D.; and JAMES | |

MORRISON, M.D.,

    Cross-claim Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
THIRD PARTY DEFENDANT HAWAII HEALTH SYSTEMS
CORPORATION'S MOTION TO DISMISS**

**INTRODUCTION**

In this medical malpractice action, Defendant Hawaii Health Systems Corporation ("HHSC") seeks to dismiss the United States' third-party claim for contribution as barred by Hawaii Revised Statutes ("HRS") § 663-10.5. Because Section 663-10.5 cannot be read in the expansive way urged by HHSC, the motion to dismiss is DENIED. The motion is also DENIED to the extent it alternatively seeks to stay or sever the Third-Party Complaint. The motion is GRANTED as to the United States' third-party claim for indemnity.

**BACKGROUND**

Plaintiffs Rosenda Samuel, individually and as administrator of the Estate of Rienda Supu, and Lewis Samuel have asserted claims in both state and federal court against three individual physicians and two hospitals that treated their eight-year-old daughter, Rienda Supu, in August and September of 2012. Rienda first received

2

treatment on August 29, 2012 at the Bay Clinic, Inc. dba Hilo Bay Clinic, a federally qualified community health center, which must be sued in federal court under the Federal Tort Claims Act, 28 U.S.C. § 1346 and §§ 2671-2680.  Complaint ¶¶ 1, 9, 18.  She received subsequent treatment from private physicians James Morrison, M.D., Joann Sarubbi, M.D., and Kirk Webber, M.D., and from state-employed health care providers at Hilo Medical Center, a hospital operated by HHSC, an agency and instrumentality of the State of Hawaii under HRS Chapter 323F.  Complaint ¶¶ 24-31.  Plaintiffs allege that Defendants' collective negligence caused Rienda to suffer a series of injuries resulting from the initial failure to diagnose her group A streptococcal infection, culminating in acute rheumatic carditis and her death on September 18, 2012.  Complaint ¶¶ 34-41.

In this federal action, Plaintiffs allege claims for medical negligence (Count I); *respondeat superior* liability (Count II); negligent failure to provide informed consent (Count III); negligent infliction of emotional distress ("NIED") (Count IV); and negligent hiring, training, retention, and supervision (Count V).  Plaintiffs initially named HHSC as a defendant, but dismissed it from the federal action based on HHSC's Eleventh Amendment sovereign immunity.  *See* Dkt. No. 42 (9/22/15 Notice of Dismissal).  In the parallel state court action, Plaintiffs bring the same

claims against HHSC and Drs. Morrison, Sarubbi, and Webber, but not against the United States.  *See Samuel v. Haw. Health Sys.*, Civ. No. 3 CC 14-1-00422.

On January 20, 2016, the United States filed a Third-Party Complaint against HHSC, asserting state law claims for indemnity and contribution.  HHSC moves to dismiss, or alternatively, to sever and/or stay the Third-Party Complaint, pending resolution of the state court action that is currently set for trial in January 2017.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.     The Motion Is Granted As to the Claim for Indemnity

HHSC first moves to dismiss the United States' indemnity claim as factually insufficient to support a legal duty to indemnify.  The United States concedes that the Third-Party Complaint does not adequately state a claim for indemnity and does not oppose the dismissal of that claim.  *See* U.S. Mem. in Opp. at 5.  Accordingly, the motion is GRANTED with respect to the third-party claim for indemnity.

### II.    The Motion Is Denied As to the Claim for Contribution

HHSC also moves to dismiss the United States' contribution claim, contending that it is barred by both HRS § 663-10.5 and by HHSC's sovereign immunity under the Eleventh Amendment.  Neither assertion withstands scrutiny.

#### A.     HRS § 663-10.5 Does Not Bar the Third-Party Contribution Claim

The Third-Party Complaint seeks contribution from HHSC in the event the United States incurs liability to Plaintiffs in the federal action.  Third-Party Complaint ¶ 8.  More specifically -

> [i]f it is determined that the United States is liable to Plaintiff[s] and that the negligence of Third-Party Defendant HHSC has caused injury or damages to Plaintiff[s], that the relative degree of fault of each of them be determined pursuant to Haw. Rev. Stat. § [663]-10.5 and the United States have judgment for contribution against Third-Party Defendant HHSC for any

> excess that must be paid by the United States over and above the United States's pro rata share.

Third-Party Complaint at 4, ¶ A.

On its face, HRS § 663-10.5 does not bar the United States' third-party claim for contribution against HHSC. It states, in relevant part:

> Any other law to the contrary notwithstanding, including but not limited to sections 663-10.9, 663-11 to 663-13, 663-16, 663-17, and 663-31, in any case where a government entity is determined to be a tortfeasor along with one or more other tortfeasors, the government entity shall be liable for no more than that percentage share of the damages attributable to the government entity; provided that joint and several liability shall be retained for tort claims relating to the maintenance and design of highways pursuant to section 663-10.9.
>
> . . . .
>
> For purposes of this section, the liability of a government entity shall include its vicarious liability for the acts or omissions of its officers and employees.

HRS § 663-10.5.

HHSC insists that the third-party claim for contribution is categorically barred because a state entity cannot be a "joint tortfeasor"[1] along with the United States or any other party because Section 663-10.5 abolished joint and several liability. *See*

---

[1] Section 663-11 defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." HRS § 663-11.

6

Reply at 5-6. *See, e.g., Dolan v. Hilo Med. Ctr.*, 127 Hawai'i 325, 333-35, 278 P.3d 382, 390-92 (Ct. App. 2012) and *Kaho'ohanohano v. Dep't of Human Servs., State of Haw.*, 117 Hawai'i 262, 309-12, 178 P.3d 538, 584-88 (2008) (discussing legislative history of Section 663-10.5). HHSC appears to misapprehend both the effect of Section 663-10.5 and the extent of the relief sought by the United States. *See, e.g.,* Reply at 6-7 ("HRS § 663-10.5 specifically references HRS §§ 663-10.9, -11 to -13, 16, -17 and -33 and says not withstanding those contrary statutes, the State of Hawaii shall not be liable for more than its percentage share of damages attributable to it. It other words, the State can only be severally liable."). First, nothing in Section 663-10.5 prohibits HHSC from becoming a joint tortfeasor. Section 663-10.5, for instance, does not preclude a several liability finding against the State, and several liability under Hawaii law is sufficient to earn joint tortfeasor status. *See* HRS § 663-11. Second, the plain language of Section 663-10.5 does not bar a claim for contribution for "no more than that percentage share of the damages attributable to the government entity." That is all the United States seeks in the Third-Party Complaint.[2]

---

[2] A third-party claim for contribution is permitted under HRS § 663-17 against:

> a person not a party to the action who is or may be liable to the pleader or to the person claiming against the pleader, for all or part of the claim asserted

7

In short, the United States' third-party claim is well within the confines of the provision cited by HHSC. No party seeks to violate the specific prohibitions of Section 663-10.5. Consequently, the motion is DENIED on this basis.

### B. The Eleventh Amendment Does Not Bar the Third-Party Contribution Claim

HHSC also seeks to shield itself from the introduction of allegations or evidence of its negligence at trial in the federal action based on the Eleventh Amendment's grant of sovereign immunity. Although Plaintiffs and the private physician defendants cannot bring claims directly against HHSC because of the Eleventh Amendment, the Ninth Circuit has determined that the United States is not subject to the same limitation. *See United States v. Hawaii*, 832 F.2d 1116, 1118 (9th Cir. 1987) (Rejecting the State's argument that its sovereign immunity barred the United States' third-party contribution claim in "federal court because the United States is attempting to collect on claims the Lees [injured state-court plaintiffs]

---

> against the pleader in the action, whether or not liability for the claim is admitted by the pleader. A third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff as well as of the third-party defendant's own liability to the plaintiff or to the third-party plaintiff.

HRS § 663-17(a). There is no dispute that the United States' third-party claim against HHSC seeks contribution for HHSC's proportionate share of fault if both are found liable to Plaintiffs, in the event that Plaintiffs collect the full amount of damages from the United States, in excess of its proportionate share of liability. *See* Third-Party Complaint at 4 ¶ A, ¶ 8.

8

could not have brought in federal court. The United States is prosecuting its contribution claim, not the Lees' underlying claims. The eleventh amendment does not preclude it from doing so.");[3] *see also Bethel Native Corp. v. Dep't of Interior*, 208 F.3d 1171, 1175 (9th Cir. 2000) ("For other third-party claims, such as contribution and indemnity . . . , this court and others have held that the Eleventh Amendment does not immunize a state from a third-party claim in federal court.");[4]

---

[3] HHSC's contention that *United States v. Hawaii* is not instructive due to the 1994 promulgation of HRS § 663-10.5 and its 2006 amendment is unpersuasive. The State's passage of HRS 663-10.5 does not alter or otherwise concern the scope of the State's Eleventh Amendment immunity.

[4] In *Bethel Native Corp.*, the United States brought third-party claims against the State of Alaska for equitable apportionment, contractual indemnification, and negligence. The Ninth Circuit affirmed the district court's denial of the state's motion to dismiss the equitable apportionment claim on Eleventh Amendment grounds. The appellate court rejected the state's argument that the federal court's allocation of fault to the state might be converted into a money judgment, enforceable by the plaintiff through the doctrine of collateral estoppel in a second action in state court. *See* 208 F.3d 1171 at 1175-76. The Ninth Circuit held instead that the equitable apportionment remedy at issue "establishes the proportionate liabilities of adverse tortfeasors[.]" *Id.* at 1176. It explained that because the primary purpose of the remedy is to apportion fault and reduce the potential damages a plaintiff might recover against the United States, the Eleventh Amendment is not offended –

*United States v. M/V COSCO BUSAN, LR/IMO Ship. No. 9231743*, 2008 WL 4938106, at *5 (N.D. Cal. Nov. 17, 2008) (citing *Marbulk Shipping, Inc. v. Martin-Marietta Materials, Inc.*, 2003 WL 22096105, at *1 (S.D. Ala. June 10, 2004) and *Williams v. United States*, 42 F.R.D. 609 (S.D.N.Y. 1967)) ("Both courts upheld the unremarkable and undisputed proposition that the United States, as a third-party plaintiff, may bring in a state as a third-party defendant through Rule 14 without running afoul of the Eleventh Amendment.").

HHSC argues that allowing the Third-Party Complaint to proceed for the purpose of apportioning liability would result in evidence and allegations of its negligence being presented to the jury in the federal action, which would result in a substantive violation of its Eleventh Amendment rights. In other words, HHSC

---

> The remedy merely shifts a portion of the liability from the defendant/third-party plaintiff to the third-party defendant. Applying the logic of [*Green v. Mansour*, 474 U.S. 64 (1985)] to the present case, however, the potential preclusive effect of the equitable apportionment of fault does not bar the United States' third-party claim. Unlike the declaratory judgment that the Supreme Court rejected in *Green*, the "sole efficacy" of the remedy of equitable apportionment is not as preclusion in a later state court action. *Compare Native Village of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 552 (9th Cir.1991) ("[D]eclaratory relief is not available if its sole efficacy would be as res judicata in a subsequent state court action for retroactive damages or restitution."). Rather, as noted earlier, the primary purpose of the remedy is to reduce the potential damages that Plaintiff might recover against the United States itself.

*Bethel Native Corp.*, 208 F.3d at 1176-77 (some citations omitted).

contends that it would be improper for any party in the federal action to introduce evidence at trial implicating HHSC's liability to any other party based on its sovereign immunity. This argument is erroneous for several reasons.

First, whether HHSC is present at trial or not, evidence of HHSC's role and that of its employees is directly relevant to the claims and defenses of every other party, including the co-Defendants. Second, absenting HHSC from the case entirely or otherwise shielding this evidence in the apparent manner suggested by HHSC would unquestionably impair the ability of the parties to present their claims or defenses at trial – all parties are entitled to introduce evidence of intervening causes of injury or that another party's share of fault was greater than its own. The allegations and evidence that HHSC apparently seeks to avoid by this motion are likely to be offered at trial regardless of its own presence or absence.

While the Eleventh Amendment prevents Plaintiffs and the private physicians from collecting a money judgment from HHSC in a direct action in federal court, it does not preclude the presentation of evidence at trial in the fashion suggested by HHSC. Indeed, HHSC cites no case or rule of evidence to the contrary. Although the Court recognizes the State's significant sovereign interests protected by the Eleventh Amendment, it does not agree that permitting the United States' third-party claim for contribution to proceed in federal court in a manner contemplated and

approved by this Circuit's case law will accomplish an "end-run around the Constitution" in the manner advanced by HHSC. Accordingly, the motion is DENIED on this basis.

### III. The Requests to Strike, Sever or Stay the Third-Party Claim Are Denied

HHSC alternatively urges the Court to strike, sever or stay the third-party claim pursuant to Federal Rule of Civil Procedure 14(a)(4):

> "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir. 1983). When exercising this discretion, "the court should endeavor to effectuate the purpose of Rule 14," 6 Charles A. Wright et al., *Federal Practice & Procedure: Civil 3d* § 1443 at 351 (2010), which is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs Inc. v. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir. 1986).

*Cabalce v. VSE Corp.*, 914 F. Supp. 2d 1145, 1158 (D. Haw. 2012). In determining whether to allow a third-party complaint, courts will typically balance the policy of liberally allowing third-party practice with the possibility of prejudice to the parties, the complication of the issues at trial posed by the third-party complaint, the merits of the third-party complaint, and any additional costs that might be incurred by the

parties as a result of the third-party complaint. *See, e.g., Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

An examination of these factors here counsels in favor of denying HHSC's request. The Third-Party Complaint specifically incorporates the Plaintiffs' Complaint and does not "introduce unrelated issues and unduly complicate the original suit." *Bel Air Mart v. Arnold Cleaners, Inc.*, 2014 WL 763185, at *11 (E.D. Cal. Feb. 21, 2014) (citation omitted). Because the claims arise from the same underlying incident, allowing the addition of the third-party claim would not appear to increase either the discovery necessary to bring this case to trial or the length of the trial itself. These factors weigh against granting the motion.

Similarly, although the Court acknowledges that Rule 21 allows the Court to "sever any claim against any party," and that district courts have "broad discretion" in determining whether such a severance is appropriate (*see In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012)), the Court finds that severance is neither appropriate nor desirable. Judicial economy is best served by managing and litigating the parties' claims in a single action, rather than requiring multiple proceedings.

In light of the January 2017 state court trial date, the State court's jurisdiction over less than all of the relevant parties, and the parties' willingness to participate in

consolidated discovery, the Court, in its discretion, concludes that a stay is not warranted under the circumstances.  Moreover, to the extent HHSC seeks a severance or stay based upon Eleventh Amendment concerns, the motion is denied for the reasons discussed previously – the State's sovereign immunity does not preclude the parties from presenting evidence regarding their claims or defenses, including those relating to HHSC's conduct.  Accordingly, HHSC's request to strike, sever or stay the Third-Party Complaint is DENIED.

## **CONCLUSION**

For the foregoing reasons, HHSC's motion to dismiss the Third-Party Complaint is GRANTED in part with respect to the claim for indemnity, and DENIED in all other respects.

IT IS SO ORDERED.

DATED: June 21, 2016 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

*Samuel v. USA et al.*; CV 15-00141 DKW-KJM, ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY DEFENDANT HAWAII HEALTH SYSTEMS CORPORATION'S MOTION TO DISMISS